IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KIRK DOUG CRAMER, | | |
| Petitioner, | | No. CIV S-02-2479 LKK DAD P |
| vs. | | |
| MATTHEW KRAMER, et al., | | |
| Respondents. | | FINDINGS & RECOMMENDATIONS |
| _____/ | | |

   Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the revocation of his parole by the Board of Prison Terms (BPT) and his 1999 conviction on charges of driving under the influence with three or more prior convictions within a seven year period. He seeks relief on the grounds that: (1) his return to prison for a parole violation is illegal because he was not on parole at the time he was arrested; and (2) he was denied his right to a speedy trial. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

FACTUAL/PROCEDURAL BACKGROUND

   On October 15, 1998, petitioner was arrested in Nevada County for driving under the influence, use of alcohol, driving with a suspended license, possession of a knife with a blade

1

1  over two inches in length and driving with a suspended license.  (Answer, Ex. B.)  Because of
2  this arrest, a parole revocation hearing was held on November 16, 1998.  (Id.)  At the revocation
3  hearing, petitioner admitted to violating his parole by engaging in the use of alcohol and driving
4  with a suspended license.  (Id.)  Petitioner's parole was revoked and he was returned to state
5  custody for a twelve month term.  (Id.)

6        On October 20, 1998, a felony complaint was filed in the Nevada County Superior
7  Court charging petitioner with: (1) driving under the influence of an alcoholic beverage with
8  three prior convictions for the same offense within a seven year period, in violation of Cal. Veh.
9  Code §§ 23152(a) and 23175; (2) refusing to submit to a blood/alcohol test; and (3) misdemeanor
10  driving with a suspended license.  (Pet., Ex. No. 2.)[1]  On May 4, 1999, petitioner was convicted
11  of driving under the influence with three prior convictions within a seven year period.  (Answer,
12  Ex. C.)  On June 28, 1999, petitioner was sentenced to five years in prison.  (Id.)[2]

13        On November 29, 1999, petitioner filed an appeal with the BPT challenging the
14  November 16, 1998, revocation of his parole, arguing that he was not on parole when he was
15  arrested on October 15, 1998.  (Pet., Ex. 13.)  The appeal was dismissed as moot on the grounds
16  that petitioner's previous grants of parole had not been discharged until May 17, 1999.  (Pet., Ex.
17  18.)  Petitioner subsequently filed a petition for writ of habeas corpus in the Nevada County
18  Superior Court, in which he raised the same claims that he raises in the instant petition.  (Pet.,

---

[1] Petitioner has filed numerous exhibits with his petition in this court.  Although the exhibits are not separately marked or numbered, petitioner has included an index which specifies the order in which the exhibits appear.  This court will identify petitioner's exhibits according to the numbers reflected on petitioner's index.

[2] Although not necessary to the conclusions reached in these findings and recommendations, the undersigned notes that petitioner filed an appeal of his conviction in the California Court of Appeal for the Third Appellate District, arguing that there was insufficient evidence to conclude he had committed three prior violations of Cal. Veh. Code § 23152(a) within seven years of the instant offense.  (Pet., exhibit after No. 26 (decision of the California Court of Appeal.))  The appeal was granted in part.  Petitioner's sentence remained the same, but the judgment was amended to reflect the correct California statute (that providing for the same enhancement for three prior violations of the statute within ten years of the instant offense) under which that sentence was imposed.  (Id.)

Ex. 19.) That petition was denied in a reasoned decision dated November 20, 2001. (Pet., Ex. 20.) Petitioner subsequently filed two habeas petitions in the California Court of Appeal for the Third Appellate District, raising the same claims. (Pet., Ex. 19.) One of those petitions was denied by order dated January 10, 2002, with a citation to In re Hillery, 202 Cal. App. 2d 293 (1962). (Pet., Ex. 21.) The other petition was summarily denied by order dated April 12, 2002. (Pet., Ex. 23.) On July 1, 2002, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, raising the same claims. (Pet., Ex. 25.) That petition was summarily denied by order dated October 16, 2002. (Pet., Ex. 26.)

ANALYSIS

I. Standards of Review Applicable to Habeas Corpus Claims

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.

However, a "claim of error based upon a right not specifically guaranteed by the Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so infects the entire trial that the resulting conviction violates the defendant's right to due process." Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981) (citing Quigg v. Crist, 616 F.2d 1107 (9th Cir. 1980)). See also Lisenba v. California, 314 U.S. 219, 236 (1941); Henry v. Kernan, 197 F.3d 1021, 1031 (9th Cir. 1999). In order to raise such a claim in a federal habeas corpus petition, the "error alleged must have resulted in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962). See also Henry, 197 F.3d at 1031; Crisafi v. Oliver, 396 F.2d 293, 294-95 (9th Cir. 1968). Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). Section 2254(d) as amended by the AEDPA, sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

II. Petitioner's Claims[3]

   A. Parole Violation

Petitioner claims that his conviction on charges of violating parole was "illegal" because he was not on parole when he was arrested on October 15, 1998. (Pet. at 5.) Petitioner states that on June 1, 1998, "the parole field administrator of the Board of Prison Terms" recommended that he be discharged from parole supervision. (Id.) Petitioner argues that this recommendation took effect "by law" on July 1, 1998, which was prior to his arrest on October 15, 1998. (Id.) He alleges that the Board of Prison Terms therefore "lacked any legal jurisdiction" over him after July 1, 1998. (Id.) Petitioner also contends that he was never

---

[3] Petitioner ostensibly raises five separate claims in his petition pending before this court. However, his allegations give rise to only two federal constitutional claims, both of which will be analyzed below.

4

provided written notice of his July 1, 1998, discharge from parole, as required under California law. (Id. at 5-6.)

The California Superior Court rejected petitioner's arguments in this regard, reasoning as follows:

> Petitioner was arrested in Nevada County for driving under the influence of alcohol on October 15, 1998. Petitioner had numerous prior convictions for driving while intoxicated. On October 15, 1998, defendant was subject to terms and conditions of parole as administered by the Board of Prison Terms.
>
> * * *
>
> Petitioner now claims that he was not on parole on October 15, 1998, the date of his arrest for the within conviction for driving under the influence of alcohol. Petitioner primarily relies on a recommendation by his parole officer dated June 1, 1998 that he be discharged from parole as proof that he was discharged on October 15, 1998. There is no record that the Board of Prison Terms accepted the recommendation of the parole officer. Indeed the record discloses that the Board did not discharge petitioner from the parole he was subject to on October 15, 1998 until May 17, 1999, per the Boards notice to petitioner dated November 30, 1999 attached to the petition herein.

(Pet., Ex. 20.)[4]

Petitioner has provided documentation which reflects that on May 27, 1998, petitioner's parole agent recommended that he be discharged from parole. (Traverse, Ex. B.) This recommendation was forwarded to a parole field administrator, who made the following notation on June 1, 1998: "Subject has effected a very successful parole adjustment during this parole period. RX discharge from parole supervision." (Id.)[5] Petitioner contends that the parole field administrator's recommendation that he be discharged from parole was adopted by the

---

[4] This court analyzes the Superior Court's decision as the relevant state-court determination because the California Supreme Court and Court of Appeal denied petitioner's petitions for writ of habeas corpus without opinion. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002) (the habeas court must review the "last reasoned decision" by a state court); Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

[5] Respondent takes the position that this use of "RX" means "recommend." (Answer at 6.) Petitioner states that "RX" means a "symbol for a medical prescription." (Traverse at 6.)

1  parole board by operation of law one month later, thereby releasing him from parole on July 1,
2  1998. In support of this contention, petitioner cites Cal. Penal Code § 3001, which provides, in
3  relevant part, as follows:

> Notwithstanding any other provision of law, when any person referred to in paragraph (1) of subdivision (b) of Section 3000 who was not imprisoned for committing a violent felony, as defined in subdivision (c) of Section 667.5, has been released on parole from the state prison, and has been on parole continuously for one year since release from confinement, within 30 days, that person shall be discharged from parole, unless the Department of Corrections recommends to the Board of Prison Terms that the person be retained on parole and the board, for good cause, determines that the person will be retained.

Petitioner argues that he comes within the ambit of Cal. Penal Code § 3001 because: (1) he was not imprisoned for committing a violent felony; (2) he had been on parole from state prison for at least one year; and (3) the parole board took no action to retain him on parole after the field administrator recommended that he be discharged from parole supervision. In response to petitioner's arguments in this regard, respondent has lodged a document entitled "Central Office Calendar Decision" (hereinafter "Decision") which reflects that on June 5, 1998, the BPT acted to retain petitioner on parole supervision for the safety of the public, pursuant to Cal. Code Regs. tit. 15 § 2535(d). (Answer, Ex. E (Exhibit E).)[6] Respondent argues that the record, including the Decision, confirms the conclusion reached by the Superior Court that petitioner was still on parole when he was arrested on October 15, 1998.

Petitioner challenges the authenticity of the BPT Decision on several grounds. First, petitioner states that the Decision was not in his case file when he looked through it on

---

[6] Cal. Code Regs. tit. 15 § 2535 provides for annual review of a parolee to determine whether he/she should be discharged. Pursuant to § 2535(d), the factors tending to indicate there is good cause to retain a parolee on parole include: (1) the nature of the commitment offense; (2) institutional adjustment; (3) parole adjustment; (4) whether the parolee has been returned to custody for controlled substance or psychiatric treatment; and (5) the need for supervision. According to Exhibit E, petitioner was retained on parole on June 5, 1998, because of the nature of his commitment offense (driving under the influence with prior convictions for the same offense) and the need for supervision. (Answer, Ex. E at 2.)

6

1  November 29, 1999, and June 2001, and was not produced by the Department of Corrections or
2  the Board of Prison Terms in the course of petitioner's numerous appeals.  (Traverse at 6.)
3  Second, petitioner notes that while the Decision states he has a history with weapons, the October
4  20, 1998, complaint against him alleged that his prior convictions were for "D.U.I.s only."  (Id.)
5  Third, petitioner contends that his only weapons offense was committed on October 15, 1998,
6  several months after the Decision was purportedly issued.  (Id.)  Finally, petitioner states that
7  "even IF this document is authentic, the period of 5 years in producing this document would have
8  been a clear violation of the petitioner's rights to due process, and a violation of penal code
9  section 3001."  (Id.)

10  Assuming arguendo that petitioner's claim – that the BPT unlawfully returned him
11  to prison for a parole violation when he was not on parole – is cognizable in a federal habeas
12  corpus proceeding, petitioner is not entitled to relief.  The California Superior Court found that
13  petitioner was still on parole when he was arrested on October 15, 1998.  This finding apparently
14  did not take into consideration the BPT's June 5, 1998 Decision submitted by respondent as
15  Exhibit E, which was filed for the first time in connection with the instant habeas corpus
16  proceeding.  Instead, the Superior Court relied upon: (1) the lack of evidence that the Board of
17  Prison Terms accepted the recommendation of petitioner's parole officer that he be discharged
18  from parole; and (2) evidence in the record that the Board did not discharge petitioner from
19  parole until May 17, 1999.  (See Pet., Ex. 18.)

20  Under the AEDPA, "[f]actual determinations by state courts are presumed correct
21  absent clear and convincing evidence to the contrary, § 2254(e)(1), and a Decision adjudicated on
22  the merits in a state court and based on a factual determination will not be overturned on factual
23  grounds unless objectively unreasonable in light of the evidence presented in the state-court
24  proceeding, § 2254(d)(2)."  Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).  See also Lambert v.
25  Blodgett, 393 F.3d 943, 972 (9th Cir. 2004).  Petitioner has failed to demonstrate that the
26  /////

7

1  Superior Court's factual determination that he was still on parole on October 15, 1998 is
2  objectively unreasonable and should be overturned under these standards.

3        Even without considering the BPT's June 5, 1998 Decision, the Screening Notice
4  attached to the petition for writ of habeas corpus before this court reflects that petitioner's parole
5  was not discharged until May 17, 1999. (Pet., Ex. 18.) Other than petitioner's own interpretation
6  of the California Penal Code, there is no evidence that he was discharged from parole by
7  operation of law earlier than that date. Indeed, petitioner complains that he did not receive notice
8  of his July 1, 1998 discharge. Presumably, he did not receive such notice because he was not
9  discharged.

10        Alternatively, the addition of Exhibit E to the court record lends further support to
11  the California Superior Court's conclusion that petitioner was not discharged from parole until
12  May 17, 1999, and explains why petitioner was not notified of any earlier discharge date. Based
13  on the record before this court, the conclusion of the Nevada County Superior Court that
14  petitioner was still on parole when he was arrested on October 15, 1998, is not an unreasonable
15  determination of the facts and has not been rebutted by clear and convincing evidence.

16        Petitioner's first two claims are: (1) "the parole violation the petitioner suffered
17  was illegal, as his parole had terminated by operation of law on July 01, 1998;" and (2) the parole
18  violation the petitioner suffered was illegal as the Board of Prison Terms had no jurisdiction."
19  (Pet. at 5.) Both of these claims are premised on petitioner's contention that he was discharged
20  from parole on July 1, 1998. Because the record establishes that petitioner was still on parole
21  when he was arrested on October 15, 1998, petitioner's first two claims lack a factual basis.
22  Accordingly, petitioner is not entitled to relief on this claim.

23    B. <u>Speedy Trial</u>

24        Petitioner next claims that the failures of state authorities to: arraign him within
25  48 hours of his October 15, 1998 arrest; serve him with the October 20, 1998 felony complaint in
26  a timely manner; and bring him to trial within a reasonable time, violated his due process and

8

speedy trial rights pursuant to Cal. Penal Code §§ 825 and 849 and the Sixth Amendment to the United States Constitution.  (Pet. at 6 (claims three, four and five); Motion for Writ of Habeas Corpus (Motion) at 7, 14; Traverse at 7.)

The Nevada County Superior Court described the relevant background to this claim as follows:

> A felony driving under the influence criminal complaint was filed by Nevada County on October 20, 1998 and a felony arrest warrant was issued on October 21, 1998.  The court assumes that petitioner had been returned to the Department of Corrections before he could be arraigned on the felony complaint.  In any event, the defendant would have been required to have been released by Nevada County authorities by October 20, 1998 because of the provisions of **Penal Code Section 825**, which requires arraignment on a felony complaint without unnecessary delay and in any event within 48 hours of arrest, excluding Sundays and holidays.
>
> Since petitioner was in the custody of the Department of Corrections, he was entitled to invoke the provisions of **Penal Code Section 1381** to require that upon notice to the Nevada County District Attorney that he be brought to trial on the felony complaint within 90 days of their receiving notice from the petitioner.  Petitioner apparently made such a demand and was returned to Nevada County and arraigned on the felony complaint on March 26, 1999.  He entered a plea of not guilty on April 1, 1999 at which time he waived his right to a preliminary hearing within 10 court days.  A preliminary hearing was conducted on April 8, 1999 and defendant was held to answer on the felony complaint.  An information was filed on April 13, 1999 and petitioner was arraigned on April 19, 1999.  Petitioner filed a motion to dismiss the information per **Penal Code Section 1381**, which motion was denied by the trial court on May 3, 1999.  Petitioner was convicted by jury trial on May 4, 1999 of a felony driving under the influence.

(Pet., Ex. 20 at 1-2.) (emphasis in original.)

Petitioner argues that "a delay of 162 days in the petitioner's case from his date of arrest to his arraignment was excessive and in violation of his right to a speedy trial, and his status as a parolee (albeit questionable as it has been demonstrated in this petition) did not alter his right to have the provisions of Penal Code section 825 fulfilled and satisfied by bring (sic) his case to trial within 60 days of his arrest." (Traverse at 8.)  Petitioner also argues: "[b]ased on the

9

1  facts that Cramer was not arraigned for 162 days after his arrest and not brought to trial for 202

2  days after his arrest, Cramer's constitutional rights were violated under the 6th Amendment to

3  the U.S. Constitution." (Motion at 15.)

4        In denying petitioner habeas relief, the Superior Court rejected these arguments

5  stating as follows:

> The right to a speedy trial must be asserted, if at all, in the court where the prosecution is pending, and prior to the commencement of trial. It is too late to raise this point for the first time on appeal by a petition for habeas corpus after judgment of conviction, or by application for writ of coram nobis. People v. Wilson (1963) 60 Cal.2d 139; 32 Cal.Rptr. 44.
>
> Under the United States Constitution the right to a speedy trial does not attach until the filing of the information. The filing of a felony complaint or issuance of an arrest warrant does not trigger the speedy trial provisions of the United States Constitution. People v. Martinez (2000) 22 Cal.4th 752; 94 Cal.Rptr.2d 381.
>
> It is additionally noted that the petitioner did not appeal the ruling of the trial court denying petitioners motion to dismiss per **Penal Code Section 1381**.
>
> For the reasons herein stated, the petition is denied.

16  (Pet., Ex. 20 at 2-3.) (emphasis in original.)

17        Petitioner's claim that California law was violated because he was not arraigned

18  or tried in a timely manner is not cognizable in this federal habeas corpus petition. Middleton,

19  768 F.2d at 1085. Accordingly, the sole issue before this court is whether petitioner's federal

20  constitutional right to a speedy trial was violated.

21        The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused

22  shall enjoy the right to a speedy and public trial . . ." U.S. Const., Amend. VI. In assessing a

23  speedy trial claim, the court must weigh four factors: "whether delay before trial was

24  uncommonly long, whether the government or the criminal defendant is more to blame for that

25  delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he

26  suffered prejudice as the delay's result." Doggett v. United States, 505 U.S. 647, 651 (1992)

(citing Barker v. Wingo, 407 U.S. 514, 530 (1972)).  See also McNeely v. Blanas, 336 F.3d 822, 826 (9th Cir. 2003); United States v. Valentine, 783 F.2d 1413, 1417 (9th Cir. 1986).  No one of these four factors alone is either a necessary or sufficient to support a finding that there has been a deprivation of the constitutional right to a speedy trial.  McNeely, 336 F.3d at 826.  Rather, the various factors are related and must be considered together.  Barker, 407 U.S. at 533.  However, "no showing of prejudice is required when the delay is great and attributable to the government." United States v. Shell, 974 F.2d 1035, 1036 (9th Cir. 1992).  See also Doggett, 505 U.S. at 651 (eight and one-half year delay between indictment and trial, six of which were attributable to the government's negligence, violated a defendant's constitutional right to a speedy trial even though he could not demonstrate the delay impaired his ability to mount a successful defense).

The Supreme Court has observed:

> The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case.

Barker, 407 U.S. at 530.  In this regard, depending on the nature of the charges, courts have generally found post-accusation delay "presumptively prejudicial" when it begins to approach one year.  Doggett, 505 U.S. at 652, n.1; see also McNeely, 336 F.3d at 826 (three-year delay was presumptively prejudicial); United States v. Gregory, 322 F.3d 1157, 1162 (9th Cir. 2003) (22-month delay between first superseding indictment and trial date was presumptively prejudicial but did not weigh heavily in defendant's favor because it was not excessively long); United States v. Aguirre, 994 F.2d 1454, 1457 (1993) (finding that "a five year delay is long enough to trigger a further look," but concluding that even the five-year delay in that case did not deprive the defendant of his constitutional right to a speedy trial when all the Barker v. Wingo factors were balanced).

/////

1    Even assuming arguendo that his Sixth Amendment right to a speedy trial was
2 triggered by petitioner's arrest and not by the filing of the information, the approximately six and
3 one-half month delay between arrest and trial that occurred here, although not insignificant, was
4 not presumptively prejudicial.  Moreover, although the reason for the delay is not clear from the
5 record, there is no allegation in this case that the delay in bringing the case to trial was for any
6 improper purpose or that the prosecution improperly sought to lengthen the proceedings against
7 petitioner.[7]  See United States v. Marion, 404 U.S. 307, 325 (1971) (it would be improper for the
8 prosecution to intentionally delay in order "to gain some tactical advantage over [defendants] or
9 to harass them"); McNeely, 336 F.3d at 827.  Further, the record reflects that petitioner's case
10 proceeded through the trial court in a timely manner once petitioner filed notice upon the Nevada
11 County District Attorney that he was invoking the provisions of Cal. Penal Code § 1381.

12    As noted above, because any delay in bringing petitioner to trial was not
13 excessive, there is no presumption of prejudice to petitioner.  See McNeely, 336 F.3d at 831-32.
14 Thus, it is the fourth factor, actual prejudice to the defendant, that weighs most heavily in the
15 evaluation of petitioner's claim.  Valentine, 783 F.2d at 1417.  Petitioner has completely failed to
16 establish, or even to allege, that his defense was hindered in any way by the six and one-half
17 months it took to bring his case to trial.[8]  Thus, petitioner has failed to demonstrate that he
18 suffered prejudice because of any delay in serving him with the complaint, arraigning him on the
19 charges or bringing him to trial.

20    Under the circumstances presented by this case, petitioner's Sixth Amendment
21 right to a speedy trial was not violated.  Petitioner has failed to demonstrate that any pretrial

---

[7] Petitioner's parole was revoked and he was returned to state custody shortly after his arrest.  It appears likely that these circumstances played more of a role in any delay than any other factor.

[8] The undersigned notes that pretrial incarceration was not a concern for petitioner because he was initially detained pursuant to a no bail parole hold and by November of 1998 had admitted a violation of his parole and had been returned to state custody for twelve months.

delay was "uncommonly long" or that he suffered any prejudice as a result of delay. Accordingly, relief as to this claim should be denied.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 17, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:cramer2479.hc